IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMES CROUSE | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-24-1216 |
| v. | * | |
| | * | |
| FIRST NATIONAL BANK OF | * | |
| PENNSYLVANIA | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff James Crouse ("Plaintiff") filed this Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a–b), lawsuit against the First National Bank of Pennsylvania ("Defendant" or "the Bank")[1] in the Circuit Court for Baltimore County, Maryland. The Bank removed the lawsuit to this Court, ECF 1, and Plaintiff has filed a motion to remand to state court, ECF 6. Defendant opposed the motion, ECF 9, and Plaintiff replied, ECF 11. The Court held a motions hearing on July 10, 2024. Both parties submitted supplemental briefing following the hearing. ECF 17, 18. For the reasons that follow, Plaintiff's Motion to Remand will be granted.

I. BACKGROUND

This case is one in a series of class action lawsuits alleging violations of RESPA. Plaintiff alleges that the Bank received kickbacks in exchange for referring mortgage loans (including his) to a now-defunct title and settlement company. ECF 16, ¶ 2. Plaintiff was initially a member of the class in *Bezek v. First National Bank of Pennsylvania*, SAG-17-cv-2902 (D. Md.), which is

---

[1] First National Bank is a successor of First Mariner Bank, the bank that brokered the mortgage loans at issue here.

pending before this Court. That case included extensive litigation over the standing of the class (which, at that point, included Mr. Crouse). Class counsel represented in briefing that "each member of the … class ha[d] suffered a concrete injury and ha[d] standing." *Bezek*, SAG-17-cv-2902 (D. Md), ECF 97-1 at 29. The Court found that the named plaintiffs in *Bezek* had standing because they had offered sufficient evidence to create a genuine dispute that they were overcharged. *Bezek v. First Nat'l Bank of Pennsylvania*, 2023 WL 348967, *10 (D. Md. Jan. 20, 2023). This Court later amended the class certification order to exclude class members whose service fees did not exceed the 80th percentile Wells Fargo chart. *Bezek v. First Nat'l Bank of Pennsylvania*, 2023 WL 8633604, *2 (D. Md. Dec. 13, 2023). Because Mr. Crouse did not allege his service fees exceeded the 80th percentile, he was excluded alongside other plaintiffs. *Id.* at 3–4.

Plaintiff filed this lawsuit on behalf of himself and persons similarly situated on February 9, 2024, in the Circuit Court for Baltimore County, Maryland. *See* ECF 1. Defendant was served on March 27, 2024, and timely removed the case to this Court on April 25, 2024, citing federal-question jurisdiction and diversity jurisdiction as grounds for removal. *Id.* (citing 28 U.S.C. §§ 1331, 1332). Plaintiff filed an Amended Complaint on July 11, 2024, to expressly exclude members of the *Bezek* class from the proposed class definition. ECF 16.

## II.   LEGAL STANDARD

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "original jurisdiction of all civil actions where the matter in controversy exceeds $75,000" and "is between citizens of different States." 28 U.S.C. § 1332(a)(1). All other cases are reserved to the state courts.

*Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.").

When a case is removed to federal court, courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Receivership Estate of Mann Bracken, LLP v. Cline*, 2012 WL 2921355, at *2 (D. Md. July 16, 2012) (internal quotation marks omitted) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying a defendant access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997).

Standing is a doctrine rooted in the traditional understanding of an Article III "case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). To establish injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).

Plaintiffs cannot satisfy the strictures of Article III by alleging only "a bare procedural violation." *Spokeo*, 578 U.S. at 341. Rather, plaintiffs must have suffered a concrete harm as a result of the "defendant's statutory violation that is the type of harm Congress sought to prevent when it enacted the statute." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 253 (4th Cir. 2020) (quoting *Curtis v. Propel Prop. Tax Funding, LLC*, 915 F.3d 234, 240–41 (4th Cir. 2019)). The Fourth Circuit has explained that under RESPA, "the deprivation of impartial and fair competition between settlement services providers" is not the kind of harm Congress sought to prevent and, thus, will not confer Article III standing. *Id.* at 254. Rather, "the harm it sought to prevent is the increased costs … for settlement services." *See id.* (holding that deprivation of fair competition—"untethered from any evidence that the deprivation increased settlement costs—is not a concrete injury under RESPA"); *see also Edmondson v. Eagle Nat'l Bank*, 344 F.R.D. 72, 77 (D. Md. 2023).

### III. DISCUSSION

As the party seeking removal, the Bank bears the burden of establishing federal jurisdiction. *Burrell v. Bayer Corp.*, 918 F.3d 372, 380–81 (4th Cir. 2019); *see also Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (noting that "it is the defendant who carries the burden of alleging in his notice of removal and, if challenged demonstrating the court's jurisdiction over the matter"); *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009). Defendant faces a challenging hurdle because Plaintiff has transparently crafted his Complaint to circumvent federal jurisdiction. Nowhere in the Complaint is any assertion that Plaintiff or any person he seeks to represent suffered any concrete injury. *See* ECF 16. Rather, Plaintiff has taken care only to allege the kind of bare RESPA violation that the Fourth Circuit expressly found was not a concrete injury. *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 254

(4th Cir. 2020) ("[T]he deprivation of impartial and fair competition between settlement services providers—untethered from any evidence that the deprivation thereof increased settlement costs—is not a concrete injury under RESPA."). Here, Plaintiff has not alleged that he was overcharged or suffered any increased costs in his Complaint, nor has any party adduced evidence that he was overcharged.[2] He has not tried to allege that he personally suffered any harm at all, but rather that the Bank violated RESPA, and he had loans with the Bank. *See* ECF 11 at 9–10 (noting that the complaint contains only a bare statutory violation).

To be sure, this is an unconventional standing dispute. Plaintiff represented to this Court in *Bezek* that he was overcharged, and he has flip-flopped here to avoid federal jurisdiction (and presumably, this Court's prior rulings). But the Court is not convinced that statements made by counsel in a prior lawsuit, where Mr. Crouse was a class member, could bind Mr. Crouse in a separate suit. And even if they could, this Court's obligation to refrain from hearing matters over which it lacks subject-matter jurisdiction is not a flexible one. *See Baehr*, 953 F.3d at 258. The Complaint contains no allegation of any concrete injury, and Defendant has failed to allege a concrete injury in either its notice of removal or its response to this Motion. Plaintiff lacks Article III standing.

Despite the unconventional backstory in this case, it ultimately does not present a particularly unusual question. Where a federal court finds a case that has been removed from state court—even one that presents a federal question—does not satisfy the requirements of Article III

---

[2] Defendant suggests that filing this lawsuit is evidence that Plaintiff suffered a concrete injury. *See* ECF 9 at 5–6. This Court is unaware of any court ever finding that merely filing a lawsuit evinces an Article III injury. It is right that, in general, filing a complaint in federal court would imply a good faith belief that Article III standing exists. But this complaint was filed in Maryland state court, where a different and seemingly less demanding standard applies.

standing, it is obligated to remand that matter to state court. *See, e.g.*, *Benton v. CVS Pharmacy*, 604 F.Supp.3d 889 (N.D. Cal. 2022) (Food, Drug, and Cosmetic Act); *Katz v. Six Flags Great Adventure, LLC*, 2018 WL 3831337 (D.N.J. Aug. 13, 2018) (Fair and Accurate Credit Transactions Act); *Mittenthal v. Florida Panthers Hockey Club, Ltd.*, 472 F.Supp.3d 1211 (S.D. Fl. 2020) (Telephone Consumer Protection Act).

Because this Court lacks subject-matter jurisdiction, this case must be remanded.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED and this case will be REMANDED to the Circuit Court for Baltimore County, Maryland. A separate Order follows.

Dated: August 30, 2024                                          /s/
                                                         Stephanie A. Gallagher
                                                         United States District Judge